## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KJW CAPITAL, LLC**                                     **CIVIL ACTION**

**VERSUS**                                               **NO: 25-1708**

**DAVIELLE MYSHAE JACKSON**                              **SECTION: "H"**
**ET AL.**

### ORDER AND REASONS

Before the Court is Plaintiff KJW Capital, LLC's Motion for Default Judgment Against Defendants Femi Secrets Health, Inc. and Femi Secrets, LLC ("the Femi Defendants").[1]

Plaintiff's Motion asserts that it is entitled to default judgment on all of its claims against the Femi Defendants, but Plaintiff also alleges that Defendant Davielle Myshae Jackson ("Jackson") and the Femi Defendants are jointly and severally liable for its damages.[2] Jackson has not yet been served.

On April 20, 2026, this Court ordered Plaintiff to file a status report into the record advising as to whether it has made further efforts to serve Jackson and how it would like to proceed in the event it is unable to effectuate service upon her. On May 6, 2026, Plaintiff filed its status report, which stated that it had made several attempts to serve Jackson, but she appeared to be avoiding service. Plaintiff further indicated that it intended to make additional attempts to serve Jackson and wished to maintain its claims against her.

---

[1] Doc. 14.

[2] Doc. 14 at 5.

As a general rule, "when one of multiple defendants who is facing a joint liability action has defaulted, judgment should not be entered against him until the matter has been adjudicated as to all defendants, or all defendants have defaulted."[3] Although Plaintiff has been unable to serve Jackson at this juncture, Plaintiff wishes to maintain its claims against her. As such, Jackson could later "appear in court and contest the essential allegations . . . that would form the basis for the default judgment against [her] defaulting co-defendants."[4] Accordingly, at this stage in the proceedings, entering default judgment against the Femi Defendants would pose the risk of inconsistent judgments.[5] Thus, the Court finds that that default judgment against the Femi Defendants would be inappropriate under the circumstances.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment is **DENIED WITHOUT PREJUDICE**. Plaintiff may re-urge its Motion once there is no longer a risk of inconsistent judgments.

---

[3] Hillman v. S. Insulators, LLC, No. 23-659, 2023 WL 8113621, at *3 (E.D. La. Nov. 22, 2023) (quoting Underwriters at Lloyds v. Turtle Creek P'ship, Ltd., No. 08-cv-3044, 2010 WL 5583118, at *2 (S.D. Tex. Feb. 26, 2010)).

[4] SEC v. Biller, 654 F. Supp. 3d. 212, 215 (E.D.N.Y. 2023) (denying motions for default judgment against three defendants without prejudice because the claims against them were intertwined with those brought against unserved defendants); *see* Fed. Sav. & Loan Ins. Corp. v. Tullos-Pierremont, 894 F.2d 1469, 1473 (5th Cir. 1990) ("[W]here no disposition has been made as to an unserved defendant, in nearly every case it is almost certain that at *some* time *some* further district court action will be taken in the case respecting the claim against that defendant, *viz.:* either the case will be dismissed prior to service, whether voluntarily or failure to prosecute or under [Federal Rule of Civil Procedure 4(m)] for failure to serve, or service will be effected and there will then be some district court disposition.").

[5] *Hillman*, 2023 WL 8113621, at *3; Schrider v. Devlin Contracting and Maint., Inc., No. 24-2978-BAH, 2025 WL 2784345, at *7 (D. Md. Sept. 30, 2025) (requiring the plaintiff to provide an update regarding the status of her claims against unserved defendants before entering default judgment against served defendants).

New Orleans, Louisiana this 12th day of May, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**